IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Michael West, | ) | |
| Petitioner, | ) | CIV 12-01482 PHX DGC (MEA) |
| v. | ) | REPORT AND RECOMMENDATION |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE DAVID G. CAMPBELL:

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 10, 2012. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 8) on October 9, 2012. Petitioner filed a reply to the answer to his petition on October 31, 2012. See Doc. 9 & Doc. 10.

**I Procedural History**

A grand jury indictment returned November 7, 2006, charged Petitioner with three counts of sexual conduct with a minor, one count of molestation of a child, and one count of sexual conduct with a minor. See Answer, Exh. A. On March 2, 2007, Petitioner, pursuant to a written plea agreement, pled guilty to one count each of: (1) sexual conduct with a minor, a class 2 felony and dangerous crime against children (Count 1);

(2) attempted sexual conduct with a minor, a class 3 felony and dangerous crime against children (Count 2); and (3) attempted molestation of a child, a class 3 felony and dangerous crime against children (Count 4). <u>See</u> <u>id.</u>, Exh. B. Pursuant to the agreement, the state agreed to drop two counts of the indictment and any potential charges arising from a 2006 police report and images found on Petitioner's computer. <u>Id.</u>, Exh. B.

On April 5, 2007, the state trial court sentenced Petitioner to 14.25 years imprisonment pursuant to his conviction on Count 1 and imposed a term of lifetime probation pursuant to his convictions on Counts 2 and 4. <u>See</u> <u>id.</u>, Exh. C. On September 3, 2008, one year and five months later, Petitioner initiated an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. <u>See</u> <u>id.</u>, Exh. D. On September 19, 2008, the state trial court dismissed Petitioner's notice of post-conviction relief as untimely. <u>Id.</u>, Exh. E.

Petitioner thereafter filed a "motion for sentence modification for exceeding subject matter jurisdiction," arguing that the imposition of lifetime probation both constituted cruel and unusual punishment in violation of the Fifth, Fourteenth, and Eighth Amendments and that the imposition of this sentence also violated his right to equal protection of the laws. <u>Id.</u>, Exh. F. The state trial court construed the motion as a second, successive petition for post-conviction relief and dismissed it pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure as untimely. <u>See</u> <u>id.</u>, Exh. G.

1    Petitioner sought review of the trial court's decision
2    dismissing his Rule 32 action by the Arizona Court of Appeals,
3    which dismissed the petition for review on February 10, 2012.
4    See id., Exh. H.

5         On July 10, 2012, Petitioner filed the pending petition
6    for writ of habeas corpus.  Petitioner argues he is entitled to
7    habeas relief because the imposition of lifetime probation
8    violates his right to be free of cruel and unusual punishment.
9    Petitioner also asserts the imposition of lifetime probation
10   violates the Equal Protection Clause of the Fifth and Fourteenth
11   Amendments.

12        **II Analysis**

13        **A. Statute of limitations**

14        The petition seeking a writ of habeas corpus is barred
15   by the applicable statute of limitations found in the
16   Antiterrorism and Effective Death Penalty Act ("AEDPA").  The
17   AEDPA imposed a one-year statute of limitations on state
18   prisoners seeking federal habeas relief from their state
19   convictions.  See, e.g., Espinoza Matthews v. California, 432
20   F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918,
21   920 (9th Cir. 2002).  The one-year statute of limitations on
22   habeas petitions generally begins to run on "the date on which
23   the judgment became final by conclusion of direct review or the
24   expiration of the time for seeking such review." 28 U.S.C. §
25   2244(d)(1)(A).  For an Arizona non-capital pleading defendant,
26   the conviction becomes "final" at the conclusion of the first
27   "of-right" post-conviction proceeding under Rule 32, Arizona
28                              -3-

rules of Criminal Procedure. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." Id. at 715 (citing Ariz. R. Crim. P. 32.4(a)).

Petitioner's state court conviction became final on or about July 5, 2007, ninety days after he was sentenced pursuant to his guilty plea, when the time expired for Petitioner to file a timely Rule 32 action. Accordingly, the one-year statute of limitations on Petitioner's federal habeas action began to run on or about July 6, 2007, and expired on or about July 6, 2008, unless it was tolled by a properly-filed state action for post-conviction relief. Petitioner did not file a timely action for state post-conviction relief in-between the time his conviction became final and the time the statute of limitations expired.

On September 3, 2008, one year and five months after he was sentenced, Petitioner initiated an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. See Answer, Exh. D. On September 19, 2008, the state trial court dismissed Petitioner's notice of post-conviction relief as untimely. Id., Exh. E.

Although the relevant federal statute allows that the statute of limitations may be tolled by the pendency of a

-4-

properly filed action for state post-conviction relief, Petitioner's untimely Rule 32 action for state post-conviction relief could not and did not re-start the already-expired statute of limitations. <u>See</u>, <u>e.g.</u>, <u>Allen v. Siebert</u>, 552 U.S. 3, 5-7, 128 S. Ct. 2 (2007) (holding that the rule announced in <u>Pace</u>[1] applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter" for determining whether a petitioner is entitled to tolling under § 2244(d)(2)); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's state action for post-conviction relief did not toll the statute of limitations because it was not "properly filed". <u>See</u> <u>White v. Martel</u>, 601 F.3d 882 (9th Cir. 2010); <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that state must prove that rules concerning time bars are "firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling").

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. <u>See</u> <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2554, 2562 (2010); <u>Bills v. Clark</u>, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently,

---

[1] <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

and (2) that some extraordinary circumstance stood in his way."
Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15
(2005).   See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th
Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir.
2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th
Cir. 2009).   In Holland the Supreme Court eschewed a "mechanical
rule" for determining extraordinary circumstances, while
endorsing a flexible, "case-by-case" approach, drawing "upon
decisions made in other similar cases for guidance." Bills, 628
F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined
equitable tolling of the filing deadline for a federal habeas
petition is available only if extraordinary circumstances beyond
the petitioner's control make it impossible to file a petition
on time.   See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th
Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d
at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4
(9th Cir. 2008).   Equitable tolling is only appropriate when
external forces, rather than a petitioner's lack of diligence,
account for the failure to file a timely habeas action.   See
Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011;
Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).   Equitable
tolling is also available if the petitioner establishes their
actual innocence of the crimes of conviction.   See Lee v.
Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted.   See, e.g.,
Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784,

-6-

789 (7th Cir. 2006); <u>Stead v. Head</u>, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." <u>Porter</u>, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., <u>Porter</u>, 620 F.3d at 959; <u>Espinoza Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2004); <u>Gaston</u>, 417 F.3d at 1034.

In reply to the answer to his petition, Petitioner contends he was improperly sentenced and that he has exhausted his claims in the state courts. Petitioner seeks an evidentiary hearings, averring the state courts improperly found the facts in his case.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. <u>Compare Holland</u>, 130 S. Ct. at 2564; <u>Porter</u>, 620 F.3d at 961 (noting the circumstances of cases determined before and after <u>Holland</u>). A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." <u>See</u>, <u>e.g.</u>, <u>Chaffer</u>, 592 F.3d at 1048-49; <u>Waldron-Ramsey</u>, 556 F.3d at 1011-14; <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006);

Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner does not assert that he is actually innocent, but instead emphasizes that he was improperly sentenced. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

## B.  Exhaustion and procedural default

Respondents argue that Petitioner has procedurally defaulted his federal habeas claims in the state courts.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a

-8-

procedurally correct manner.  See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[2]  The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary."  Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).  See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).  Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation

---

[2] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

-9-

of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2011). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395

-10-

(7th Cir. 2002).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"  Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule.  A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling.  Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir.), cert. denied, 131 S. Ct. 566 (2010).

-11-

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

Respondents contend:

> Petitioner raised the claims he is now his petitions for post-conviction relief. The state court, however, concluded that the petitions were untimely filed, and were thus precluded under applicable state law. As a result of the state court's express application of a state procedural bar, Petitioner's pending claims were not properly exhausted and are thus procedurally defaulted.

Petitioner did not present his claims to the state trial court in a timely Rule 32 action. As stated supra, Arizona's Rules of Criminal Procedure regarding waiver and the timeliness of claims have been found to be an adequate and independent basis for affirming a petitioner's convictions and

sentences and denying federal habeas relief. Accordingly, unless Petitioner can establish cause for and prejudice from his procedural default of his claims in the state courts, the Court should not consider the merits of his claims.

### C. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111

S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations.  See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).  Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes.  See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999).  Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.  See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Petitioner contends that he properly exhausted his claims in the state courts and that he complied with all state and federal rules of procedure.  Petitioner also asserts that his sentence was void "ab initio" and that the state failed to timely respond to his Rule 32 petition.  Petitioner contends that the AEDPA standard of review does not apply to his claims for habeas relief because the state courts dismissed his claims without addressing the merits of the claims.

Petitioner has not established cause for his failure to fairly present his claims to the Arizona state courts.

-14-

Additionally, Petitioner has not established prejudice arising from the procedural default of his claims.   Therefore, the Court need not consider the merits of the claims absent a showing that a fundamental miscarriage of justice will otherwise occur.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice.  See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent.   See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).   To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged.   See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner does not assert that he is innocent of the crimes of conviction, but instead emphasizes that he was improperly sentenced.   Accordingly, Petitioner has not established that a fundamental miscarriage of justice will occur

absent consideration of the merits of his habeas claims.

**III Conclusion**

Petitioner did not file his habeas petition within one year of the date his state conviction became final. Petitioner's untimely Rule 32 action did not statutorily toll the expired statute of limitations. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. Additionally, Petitioner procedurally defaulted his claims in the state courts by not fairly presenting them to the state courts in a procedurally correct manner. Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims. Petitioner has not established that a fundamental miscarriage of justice will occur absent consideration of the merits of his federal habeas claims.

**IT IS THEREFORE RECOMMENDED that** Mr. West's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

-16-

parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 8th day of November, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

-17-