**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Michael West, | No. CV-12-01482-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, | |
| Respondent. | |

Petitioner James Michael West filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his sentence to lifetime probation pursuant to a plea agreement in Maricopa County Superior Court violates his rights to be free of cruel and unusual punishment and to equal protection under the United States Constitution. Doc. 1. Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") recommending that the petition be denied. Doc. 11. Petitioner has filed objections to the R&R. Doc. 14. For the reasons that follow, the Court will accept Judge Aspey's recommendation and deny the petition.

**I.    Background.**

Petitioner was indicted by a grand jury in Maricopa County on three counts of sexual conduct with a minor and one count of molestation of a child, both class 2 felonies, and one count of sexual conduct with a minor, a class 6 felony. Doc. 8-1 at 2-3. Petitioner entered into a plea agreement on March 2, 2007, in which he pled guilty to one count of sexual conduct with a minor, a class 2 felony, and one count each of attempted sexual conduct with a minor and attempted molestation of a child, both class 3 felonies.

*Id.* at 7-9. Petitioner was sentenced in Maricopa County Superior Court on April 5, 2007, to 14.5 years of incarceration on the first count and lifetime probation on each of the other two counts. *Id.* at 11-15.

Petitioner filed a notice of post-conviction relief in state court on September 3, 2008, one year and five months after his sentencing. *Id.* at 17-19. The court dismissed the petition as untimely under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, which requires filing within 90 days of the entry of judgment and sentencing. *Id.* at 21-22. Petitioner subsequently filed a "Motion for Sentence Modification for Exceeding Subject Matter Jurisdiction," which the state court construed as a second Rule 32 petition and denied. *See id.* at 24-33; 35-36. The Arizona Court of Appeals denied review on February 10, 2012. *Id.* at 38-39. The Arizona Supreme Court denied review on June 20, 2012 (Doc. 1 at 29-30), and Petitioner filed the instant petition on July 10, 2012. Doc. 1.

Judge Aspey recommended that the petition be denied as untimely because the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that petitioners seeking federal habeas relief from state court sentences file their petitions within one year of "'the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.'" Doc. 11 at 17 (quoting 28 U.S.C. § 2244(d)(1)(A)). Judge Aspey found that Petitioner's sentence became final on July 5, 2007, 90 days after he was sentenced, and that the time to file for federal habeas relief expired one year later, on or about July 6, 2008. *Id.* at 4. Judge Aspey also found that Petitioner's untimely Rule 32 actions did not restart the already-expired statute of limitations, and Petitioner had not stated an adequate basis for equitable tolling because he had not shown that extraordinary circumstances prevented him from filing sooner, and he had not asserted that he was actually innocent. *Id.* at 4-5.

In addition to finding the petition untimely, Judge Aspey found that Petitioner's federal habeas claims were procedurally barred because he had not properly exhausted these claims in the state courts and had not shown cause for or prejudice from his default or asserted that he was actually innocent so that a miscarriage of justice would result

absent consideration of the merits of his claims. *Id.* at 8-16.

**II.    Legal Standard.**

A party may file specific, written objections to an R&R within ten days after being served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

**III.    Analysis.**

Petitioner objects to Judge Aspey's finding that his federal claims are untimely and were not properly exhausted in state court because, he asserts, his petition was based on newly discovered evidence. Doc. 14 at 2. Petitioner appears to argue on the basis of *Banks v. Dratke*, 540 U.S. 668 (2004), and Rule 32.2(b) of the Arizona Rules of Criminal Procedure, that the discovery of new evidence overcomes both the untimeliness of his federal habeas petition and his failure to exhaust his claims in state court because it renders both his federal and state court petitions properly filed. *Id.*

Petitioner's reliance on *Banks* and Rule 32.2(b) is misplaced. *Banks* found that a petitioner could not be precluded from presenting exculpatory evidence in his federal habeas petition that he had failed to present in his state court petitions because he had demonstrated both cause for his failure and prejudice that would result. 540 U.S. at 690-704. Unlike *Banks*, Petitioner has not raised any issue regarding the admissibility of previously un-submitted evidence. Rule 32.2(b) excludes from preclusion claims brought under Rule 31.2(e) on the basis of newly discovered evidence. But Rule 32.2(b) also states that an untimely notice of post-conviction relief "must set forth the substance of the specific exception and the reasons for not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 32.2(b). It goes on to provide that if the specific exception and reasons for claiming that exception do not appear in the notice, "the notice shall be summarily

1  dismissed." *Id.* Petitioner presents no evidence that he complied with this Rule when he
2  submitted his untimely state court petitions; nor does he present or refer to any newly
3  discovered evidence as the basis for either his state court or federal habeas petitions.
4  Further, petitioner did not argue in his petition that he was entitled to relief based on new
5  evidence. Although he used the term "newly discovered evidence" to explain why
6  untimely filing should not bar his petition (Doc. 1 at 13), he merely went on to describe
7  his difficulty conducting research while in prison – circumstances that, as Judge Aspey
8  explained, are legally insufficient to excuse untimely filing. *See* Doc. 11 at 5-8 (citing,
9  e.g., *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (finding that the vicissitudes of
10 prison life are not "extraordinary circumstances" that make it impossible to file a timely
11 habeas petition). The Court finds no basis for concluding that an exception to timely
12 filing and proper exhaustion applies due to newly discovered evidence.

13 Petitioner also asserts on the basis of *State v. Espinosa*, 29 P.3d 278 (Ariz. App.
14 2001), that claims of a constitutional magnitude are not subject to preclusion. Doc. 14 at
15 2. Like his Rule 32 arguments, Petitioner appears to argue that this means his state
16 petitions were properly filed and he therefore exhausted his remedies in state court before
17 filing for federal habeas relief. *Id.* Contrary to Petitioner's assertion, *Espinosa* did not
18 find that constitutional claims are immune from preclusion for purposes of state post-
19 conviction relief; nor did it deal with preclusion for untimeliness, as is the issue here.
20 Rather, it found that certain constitutional claims could not be precluded for failure to
21 raise them on direct appeal or a previous collateral proceeding "unless the record shows
22 that the defendant knowingly, voluntarily, and intelligently waived the right." 29 P.3d at
23 280. It went on to state that this applied to the right to counsel, the right to a jury trial,
24 and the right to be tried by a 12 person jury. *Id.* Petitioner has not shown that *Espinosa*
25 applies in this case; nor does it appear that he argued in his federal habeas petition that
26 the state courts erroneously precluded his petitions for post-conviction relief.

27 Petitioner relies on a number of additional cases, all of which are inapposite. *See*
28 Doc. 14 at 3. *Picard v. Connor*, 404 U.S. 270, 278 (1971), merely confirms that "the

substance of a federal habeas corpus claim must in the first instance be fairly presented to the state courts." As Judge Aspey found in the R&R, that did not happen in this case because Petitioner did not file his state notices for post-conviction relief until one year and five months after his sentencing, well past the 90-day statutory limitation. *See* Doc. 11 at 4. *Pirtle v. Morgan*, 313 F.3d 1160, 1167-68 (9th Cir. 2002), and *Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003), found that where the state courts have failed to address the merits of a properly presented claim for post-conviction relief, the federal court must review the issue de novo. But, again, Petitioner has not shown that he properly presented his state court petitions. *Nickerson v. Roe*, 260 F.Supp. 2d 875, 909 (N.D. Cal. 2003), *abrogated on other grounds by Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010), found that the federal court did not owe deference to state court substantive findings when the state court ultimately reached its decision on procedural grounds. It did not find, as Petitioner suggests, that a federal court must address the merits of all claims that have been procedurally defaulted in state courts. Finally, *Hagans v. Lavine*, 415 U.S. 528 (1974), was not a habeas case and has no relevance here.

The Court concludes that Petitioner's objections to Judge Aspey's findings that his habeas petition was untimely and procedurally barred due to failure to exhaust are without merit. The Court will accept Judge Aspey's R&R and deny Petitioner's petition for a writ of habeas corpus.

**IT IS ORDERED:**

1. Magistrate Judge Mark E. Aspey's R&R (Doc. 11) is **accepted**.

2. Petitioner James Michael West's petition for writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability is **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

1  4. The Clerk of the Court is directed to **terminate** this action.

2  Dated this 14th day of February, 2013.

*David G. Campbell*
_____
David G. Campbell
United States District Judge